UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES D. CROSBY, | Case No. 2:17-cv-02474-JCM-PAL |
| Plaintiff, | ORDER |
| v. | |
| PHILIP NEUMAN, | |
| Defendant. | |

Presently before the court is plaintiff James Crosby's motion to remand. (ECF No. 19). Defendant Phillip Neuman has not filed a response, and the time for doing so has since passed.

Also before the court is defendant's "motion to dismiss for lack of prosecution and to vacate state court order of appearance." (ECF No. 5). Plaintiff has not filed a response, and the time for doing so has since passed.

**I.  Facts**

Plaintiff obtained a judgment in state court in California against defendant in the amount of $382,533.87.[1] (ECF No. 1-1 at 7-8). On June 27, 2016, pursuant to Nevada Revised States 17.330-17.400, plaintiff filed an application for foreign judgment against defendant in the district court of Clark County, Nevada. *Id.* (ECF No. 1-1 at 4). On August 24, 2017, plaintiff filed an ex-parte application for order allowing examination of judgment debtor. (ECF No. 1-2). The court ordered an appearance of judgment debtor, compelling defendant to appear at a designated

---

[1] This figure does not include costs and attorney's fees awarded as part of the judgment.

location in Las Vegas to answer questions about his assets and produce financial records. (ECF No. 1-3). On August 25, 2017, plaintiff caused the order for appearance of judgment debtor to be served on defendant. (ECF No. 19).

On September 22, 2017, defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1). Defendant asserts that this court has diversity jurisdiction because defendant is a citizen of New York and plaintiff is a citizen of California. *Id.*

On January 16, 2018, plaintiff filed the instant motion to remand, asserting that an ex-parte application for examination of judgment debtor is not a civil action and is therefore not removable to federal court. (ECF No. 19).

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004). Remand to state court is proper if the district court lacks jurisdiction. *Id.* 28 U.S.C. § 1447(c).

**III.   Discussion**

28 U.S.C. § 1446(c)(1) reads: "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

Here, plaintiff filed the instant action on June 27, 2016. Defendant filed its notice of removal more than one year later, on September 22, 2017. Defendant has not demonstrated that plaintiff acted in bad faith in order to prevent defendant from removing the action. Accordingly, remand in this case is proper.

Defendant argues in its motion to dismiss that "[t]he Ex Parte Application commenced this civil action because it was the first claim for relief Crosby made in the State Court that

required the State Court to exercise personal jurisdiction over Mr. Neuman." (ECF No. 5). The court disagrees. The civil action was commenced on the date plaintiff filed his application for foreign judgment.

In light of the foregoing, the court need not consider whether plaintiff's ex parte application for examination of a judgment debtor qualifies as a civil action.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 19) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 5) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that this case be, and the same hereby is, REMANDED to the Eighth Judicial District Court of Clark County, Nevada.

DATED THIS 17th day of April, 2018.

                                        JAMES C. MAHAN
                                        UNITED STATES DISTRICT JUDGE